# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN GERARD KNUTOWSKI,

        Plaintiff,

v.                                                   Case No. 08-C-600

BEVERLY ROHDE, CONNIE ROHRER,
PENNY VOGT and WALWORTH COUNTY JAIL,

        Defendants.

## ORDER

The plaintiff, Steven Knutowski, a prisoner previously confined in the Walworth County Jail and subsequently released, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's motion to proceed *in forma pauperis*.

Pursuant to this court's order dated September 11, 2008, the plaintiff has paid an initial partial filing fee of $27.75. Therefore, his motion to proceed *in forma pauperis* will be granted. *See* 28 U.S.C. § 1915(b).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325

(1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's

-2-
Case 2:08-cv-00600-JPS   Filed 10/31/08   Page 2 of 6   Document 8

*pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges[1] that Police Officer Beverly Rohde conspired with probation agent Connie Rohrer and probation supervisor Penny Vogt to have him revoked and "falsely imprisoned" at the Walworth County Jail. The plaintiff has a history of child visitation disputes with his son's mother, which has been exacerbated by the plaintiff's complaints to the police department and to Child Protective Services that his son has been repeatedly physically abused by his son's stepfather. The plaintiff was arrested as a result of an altercation with his son's stepfather on May 18, 2008, and charged with violating a restraining order which prohibited him from speaking directly with his son's mother and from going near the residence shared by his son's mother and stepfather. The plaintiff does not directly state whether or not he violated the order on May 18, 2008, but he does assert that he was the victim of a "drunk and disorderly" assault by his son's stepfather on that date. The plaintiff alleges Police Officer Rohde conspired to arrest him, rather than his son's stepfather, for the altercation. The plaintiff further alleges that his probation officer Connie Rohrer and her supervisor Penny Vogt conspired to put him in jail by proceeding with the probation revocation process although the District Attorney's office declined to prosecute him. Finally, the plaintiff asserts that the Walworth County Jail should be held liable for falsely imprisoning him.

---

[1] The "Statement of Claim" section of the form complaint filed by the plaintiff on July 11, 2008 is blank except for a notation reading: "15 page statement included." That statement was filed separately on July 22, 2008. (Docket # 4). Together, the form complaint and the supplemental 15-page statement comprise the operative complaint in this case.

As a remedy, the plaintiff seeks compensatory and punitive damages from the three individual defendants and from the Walworth County Jail.

The plaintiff alleges that his constitutional rights were violated when he was unlawfully arrested and falsely imprisoned. Under the Fourth Amendment,[2] the plaintiff enjoys a right to be free from arrest without probable cause. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). False imprisonment claims are also cognizable under the Fourth Amendment. *See Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir. 1989). However, the existence of probable cause for arrest is an absolute bar to a section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution. *Id.* In this case, the plaintiff fails to allege any facts suggesting that the police officer lacked probable cause to believe that he had violated the restraining order, or that his probation officer and her supervisor lacked probable cause to believe that he had violated the law or a rule of his supervision.[3] In fact, the plaintiff never denies violating the restraining order. While the plaintiff asserts that he was actually the victim of an assault by his son's stepfather, he seems to imply that this occurred after he violated the restraining order by going to the stepfather's residence in order to take his son back

---

[2]The plaintiff asserts that his "1st Amendment" rights were violated, but claims false imprisonment, which is prohibited by the Fourth Amendment, not the First.

[3]The plaintiff asserts that the prosecutor later dropped charges, but this does not negate probable cause, which is determined "at the moment the arrest is made." Maltby v. Winston, 36 F. 3d 548, 557 (7th Cir. 1994).

-4-

home.[4]  The plaintiff also acknowledges other violations of the restraining order.[5] Consequently, the plaintiff fails to state a claim for false arrest and imprisonment.

In addition, the Walworth County Jail is not a "person" for purposes of federal civil rights statutes. See *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002)("we have held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted"); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993)("Cook County Jail is not a 'person' - it is not a legal entity to begin with."). The jail is, therefore, not a suable entity under 42 U.S.C. § 1983 and it will be dismissed.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #3) be and the same hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant Walworth County Jail be and the same hereby is **DISMISSED**.

**IT IS FURTHER ORDERED** that this case be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

---

[4] "When I went to the Shell station on May 18, 2008 around 4:00 p.m., I waited 15 minutes and no one was there to pick him up. Now the decision that I really thought out before I did it. [sic] Remember, that I had a copy of the restraining order on me in a file folder. I read it and knew that it said not to go near her residence." (Docket #4, at 9).

[5] The plaintiff admits to several earlier contacts with his son's mother in violation of the restraining order she had obtained. He indicates that these contacts were usually initiated by his son's mother, whom he describes as "violat[ing] her own restraining order." (Docket #4, at 3; also at 7: "she again violated her own restraining order by calling me" and "I called her number and left a message on her voice mail"; at 10: "Debbie was violating her own restraining order and the mediation agreement this whole time since August, 2006"; at 11: "Debbie called me again violating her own restraining order, and said that she was tired of fighting and wanted to have a meeting ... I went to her house and met with her ..." ).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the plaintiff shall pay the remaining balance of $322.25 to the Clerk of Court. The payment(s) shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-6-

Case 2:08-cv-00600-JPS   Filed 10/31/08   Page 6 of 6   Document 8